NOT FOR PUBLICATION

RECEIVED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

OCT 13 2016

AT 8:30_____M
WILLIAM T. WALSH
CLERK

BERNARD MCLAUGHLIN AND JAMES
JOSEPH MCLAUGHLIN, a minor, through
his g/a/l REGINA MCLAUGHLIN,

    Plaintiffs,

v.

BOARD OF TRUSTEES OF THE
NATIONAL ELEVATOR INDUSTRY
HEALTH BENEFIT PLAN,

    Defendant.

Civ. No. 16-3121

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter is before the Court upon the motion to dismiss brought by Defendant Board of Trustees of the National Elevator Industry Health Benefit Plan ("Defendant"). (ECF No. 6). Plaintiffs Bernard McLaughlin and James Joseph McLaughlin, a minor, through his guardian ad litem Regina McLaughlin ("Plaintiffs"), oppose the motion and cross-move for summary judgment. (ECF No. 8). The Court has decided the motions based on the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendant's motion will be granted and Plaintiff's cross-motion will be denied.

## BACKGROUND

Plaintiff Bernard McLaughlin is a participant in Defendant's National Elevator Industry Health Benefit Plan ("the Plan"), a self-funded ERISA-governed welfare benefit plan. (Pls.' Statement of Material Facts Not in Dispute, ECF No. 8-2 at ¶¶ 1-2). Plaintiff James McLaughlin is Bernard McLaughlin's son and an eligible dependent who is covered under the terms of the

1

plan. (*Id.* at ¶ 3). In January 2009, Bernard McLaughlin was injured in an accident. (*Id.* at ¶ 4). Defendant thereafter paid a portion of Bernard McLaughlin's medical bills arising from treatment for the injuries he sustained in that accident. (*Id.* at ¶ 5). Defendant filed personal injury claims related to the accident against a third party, and in December 2011, Bernard McLaughlin received a settlement. (*Id.* at ¶ 4). Defendant asserted a lien against Bernard McLaughlin's settlement proceeds. Defendant claimed that, in the event of a third-party settlement, Bernard McLaughlin's agreement with Defendant required him to reimburse Defendant for any benefits advanced on his behalf. (Pls.' Compl. At 2). However, Bernard McLaughlin did not reimburse Defendant for the benefits it had expended. (Pls.' Statement of Material Facts Not in Dispute at ¶ 4). Since some time in 2013, Defendant has asserted a "set-off" against the money it claims Bernard McLaughlin owes to it by refusing to pay medical expenses incurred by Plaintiffs. (Pls.' Compl. At ¶ 10).

Defendant first filed suit against Plaintiff Bernard McLaughlin in July 2012 to recover the funds advanced on his behalf. The parties filed cross-motions for summary judgment, and on January 24, 2014, the Court granted summary judgment to Defendant. (*See Bd. of Tr. of the Nat'l. Elevator Indus. Health Benefit Plan v. McLaughlin*, 12-4322, Opinion, ECF No. 25) ("*McLaughlin I*"). The Court concluded that Defendant successfully established that the language of the Plan gave rise to an equitable lien by agreement, recognized by the Supreme Court as an equitable remedy under ERISA § 502(a)(3). *Id.* Plaintiff Bernard McLaughlin counterclaimed for summary judgment asserting that he was entitled to a declaration that the Plan is not entitled to withhold payment of benefits to Bernard McLaughlin or his family. The Court denied Plaintiff Bernard McLaughlin's counterclaim. *Id.*

Plaintiff Bernard McLaughlin appealed, and on October 1, 2014, the Third Circuit affirmed the Court's grant of summary judgment to Defendant. (*See Bd. of Tr. of the Nat'l.*

2

*Elevator Indus. Health Benefit Plan v. McLaughlin*, 590 F. App'x 154 (3d Cir. 2014). Plaintiff Bernard McLaughlin petitioned for certiorari to the United States Supreme Court, but the Supreme Court denied the petition on February 23, 2015. Defendant returned to this Court on December 18, 2015, and filed a lien against Plaintiff Bernard McLaughlin for the unpaid medical bills because the prior order and judgment from the Court granting summary judgment did not mention a sum certain. The Court approved the proposed judgment for a sum of $45,347.89 on December 21, 2015. (*Bd. of Tr. of the Nat'l. Elevator Indus. Health Benefit Plan v. McLaughlin*, 12-4322, Judgment, ECF No. 32).

Plaintiff Bernard McLaughlin then filed a Motion to Vacate the December 21, 2015 Judgment under Federal Rule of Civil Procedure 60.1. While Plaintiff's Motion to Vacate was pending before the Court, on January 20, 2016, the Supreme Court released the opinion in *Montanile v. Bd. of Tr. of the Nat'l. Elevator Indus. Health Benefit Plan*, 136 S. Ct. 651 (2016). *Montanile* held that a plan fiduciary may only enforce an equitable lien by agreement against specifically identified funds that remain in the defendant's possession or against traceable items that the defendant purchased with the funds. *See Montantile v. Bd. of Tr. of Nat'l. Elevator Indus. Health Benefit Plan,* 136 S. Ct. 651 (2016). The Court denied Plaintiff's Motion to Vacate the Court's December 21, 2015 Judgment. (*Bd. of Tr. of the Nat'l. Elevator Indus. Health Benefit Plan v. McLaughlin*, 12-4322, Order, ECF No. 43). The Court's denial of Plaintiff's motion to vacate is currently pending on appeal before the Third Circuit.

On June 1, 2016, Plaintiffs filed the current lawsuit against Defendant. ("*McLaughlin II*," Civ. No. 16-3121, ECF No. 1). In the Complaint, Plaintiffs seek an order declaring that: (1) Defendant is not entitled to withhold payment of medical benefits as a "set-off" against moneys that Defendant claims are owed to it as a result of Bernard McLaughlin's 2009 accident; and (2) Defendant must reimburse Plaintiffs for all medical expenses they have incurred since Defendant

3

asserted a "set-off" against moneys that Plaintiffs paid as a result of the 2009 accident. (Civ. No 16-3121, ECF No. 4). On August 1, 2016, Defendant moved to dismiss Plaintiffs' complaint on the ground that Plaintiffs' claims are barred by the doctrine of res judicata. (Civ. No. 16-3121, ECF No. 6). Plaintiffs opposed the motion and cross-moved for partial summary judgment declaring that the Plan is not entitled to withhold the payment of medical expenses that it would otherwise be required to pay on behalf of Plaintiffs.

Defendant's motion to dismiss and Plaintiffs' cross-motion for summary judgment are presently before the Court.

## LEGAL STANDARDS

### I. Summary Judgment

Summary judgment is appropriate if the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding a motion for summary judgment, a district court considers the facts drawn from "the pleadings, the discovery and disclosure materials, and any affidavits" and must "view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." Fed. R. Civ. P. 56(c); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002) (internal quotations omitted). In resolving a motion for summary judgment, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986). More precisely, summary judgment should be granted if the evidence available would not support a jury verdict in favor of the nonmoving party. *Id.* at 248-49. The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish

4

the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## II. Motion to Dismiss

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009); *see also Connelly v. Lane Const. Corp.*, No. 14-3792, 2016 WL 106159 (3d Cir. Jan. 11, 2016). However, the court may disregard any conclusory legal allegations. *Fowler*, 578 F.3d at 203. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). If the complaint does not demonstrate more than a "mere possibility of misconduct," the complaint must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

## ANALYSIS

There are two main issues that the Court must address: (1) whether Defendant's motion to dismiss is procedurally proper; and (2) whether res judicata bars Plaintiffs' claims. The Court will address each in turn.

## I. Whether Defendant's Motion to Dismiss Is Procedurally Proper

The Court will first address Plaintiffs' argument that Defendant's motion to dismiss is procedurally improper. Plaintiffs argue that Defendant's motion to dismiss based on res judicata should have been brought as a summary judgment motion rather than as a motion to dismiss. Fed. R. Civ. P. 8(c) specifically lists res judicata as an affirmative defense. The Third Circuit has explained that such an affirmative defense could properly be the grounds for a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), if the application of res judicata is apparent on the face of the complaint. *Ryocline Prods., Inc. v. C&W Unlimited,* 109 F.3d 883, 886 (3d Cir. 1997). However, the Third Circuit has also noted "To resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint. Specifically, on a motion to dismiss, we may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp., Ltd.,* 181 F.3d 410, 426 (3d Cir. 1999) (citations omitted).

Here, Defendant brings this motion to dismiss based on the doctrine of res judicata. Specifically, Defendant claims that Plaintiffs' suit is barred because this very court previously issued a valid final judgment on the merits with respect to Plaintiffs' claims. (Def.'s Mot. Dismiss, ECF No. 6 at 8). Plaintiffs claim that Defendant's res judicata argument is "not apparent solely on the face of the complaint," and as a result the motion to dismiss is improper (Pls.' Opp'n. Br., ECF No. 8 at 3). Plaintiffs' argument is misplaced. The Court takes judicial notice of its prior decision in *McLaughlin I*, where this Court granted summary judgment to Defendant and dismissed Plaintiff Bernard McLaughlin's counterclaim. By examining both this Court's previous decision and the pleadings in this case, the Defendant's res judicata argument is

6

plainly apparent. Therefore, Defendant's motion to dismiss is procedurally proper and Defendant was not required to bring the motion as a summary judgment motion.

## II. Res Judicata

The Court must next decide if res judicata bars Plaintiffs' claims in the instant case. The doctrine of res judicata mandates a subsequent suit be barred if there has been: (1) a final judgment on the merits in a prior suit; (2) based on the same cause of action; (3) between the same parties or their privies. *Labelle Processing Co. v. Swarrow,* 72 F.3d 308, 313 (3d Cir. 1995). "If these three factors are present, a claim that was or could have been raised previously must be dismissed as precluded." *CoreStates Bank, N.A. v. Huls Am., Inc.,* 176 F.3d 187, 194 (3d Cir. 1999).

### a. Final Judgment on the Merits in a Prior Suit

The first factor is whether there has been a final judgment on the merits in a prior suit. The Third Circuit has stated that summary judgment is a final judgment on the merits for the purposes of res judicata. *Hubicki v. ACF Indus., Inc.,* 484 F.2d 519, 524 (3d Cir. 1973). This Court previously granted summary judgment in favor of Defendant and denied a counterclaim brought by Plaintiff Bernard McLaughlin on summary judgment in *McLaughlin I.* (*McLaughlin I*, 12-4322, Opinion, ECF No. 25). Additionally, the fact that a judgment has been appealed does not affect the finality of the judgment for purposes of res judicata. *Huron Holding Co. v. Lincoln Mine Operating Co.,* 312 U.S. 183, 189 (appeal does not "detract from...decisiveness and finality" of judgment). Thus, Plaintiff's appeal of this Court's denial of its Motion to Vacate the December 21, 2015 Order in *McLaughlin I* does not affect the application of res judicata here. This Court's previous grant of summary judgment in favor of Defendant and denial of Bernard McLaughlin's counterclaim in *McLaughlin I* qualifies as a final judgment on the merits in a prior suit for the purposes of res judicata.

### b. Same Cause of Action

The second factor is whether the prior suit and the subsequent suit are based on the same cause of action. The Third Circuit has explained that it takes a "broad view" in deciding whether two suits are based on the same cause of action. *CoreStates Bank, N.A.*, 176 F.3d at 194. To make this determination, courts look to "whether there is an essential similarity of the underlying events giving rise to the various legal claims." *Id.* (quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984)). Additionally, the Third Circuit has noted that it considers "whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991) (citations omitted). A difference in the theory of recovery or relief sought is not dispositive of whether two suits are based on the same cause of action for purposes of res judicata. *Athlone*, 746 F.2d at 984.

Both the complaint in this case and this Court's previous judgment in *McLaughlin I* are based on the same material facts. In both cases, Plaintiff Bernard McLaughlin alleges he was injured in an ATV accident and that Defendant paid medical benefits incurred as a result of the accident. Additionally, it is alleged that Bernard McLaughlin received a monetary settlement from a third party in connection with the accident, and Defendant demanded reimbursement from Bernard McLaughlin for the medical expenses it paid on his behalf. Bernard McLaughlin failed to reimburse Defendant, and Defendant began deducting medical benefits incurred by Bernard McLaughlin and his dependent James McLaughlin from the amounts owed Defendant. The Court is persuaded that the material facts are extremely similar in both cases.

Additionally, the acts complained of, namely the withholding of benefits from Bernard McLaughlin and James McLaughlin, are precisely the same in both cases. Further, the Court is

8

persuaded that the witnesses and documentation required to prove each claim are also similar. Therefore, the second factor of the Court's res judicata analysis is satisfied.

### c. Same Parties or Their Privies

The third factor is whether the subsequent suit involves the same parties, or those in privity with the same parties, as the original suit. Relying on the Supreme Court decision in *Taylor v. Sturgell*, 553 U.S. 880 (2008), the Third Circuit has recognized six situations where nonparty preclusion may be appropriate:

> (1)the nonparty agrees to be bound by the determination of issues in an action between others; (2) a substantive legal relationship i.e. traditional privity – exists that binds the nonparty; (3) the nonparty was "adequately represented by someone with the same interests who [wa]s a party"; (4) the nonparty assumes control over the litigation in which the judgment is rendered; (5) the nonparty attempts to bring suit as the designated representative of someone who was a party in the prior litigation; and (6) the nonparty falls under a special statutory scheme that "expressly forecloses successive litigation by nonlitigants."

*Nationwide Mut. Fire Ins., Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 312 (3d Cir. 2009). In *Nationwide*, the Third Circuit used these six factors to determine if privity existed for the purposes of collateral estoppel. *Id.* The Third Circuit has also applied these factors to determine if privity exists for purposes of res judicata. *Radovich v. L.P. YA Glob. Investments, L.P.*, 570 F. App'x 203, 206-08 (3d Cir. 2014).

Here, the parties do not dispute that Plaintiff Bernard McLaughlin was the Defendant in *McLaughlin I*. However, James McLaughlin was not a party in *McLaughlin I*. Defendant argues that James McLaughlin (Bernard McLaughlin's son and the other named Plaintiff in this case) was in privity with Bernard McLaughlin. Plaintiffs argue that James McLaughlin was not in privity with any party to the prior suit, and thus, res judicata cannot apply.

The Court is persuaded that the second form of privity cited in *Nationwide* exists here. James McLaughlin was in privity with Bernard McLaughlin due to the substantive legal

9

relationship that existed between the two, namely the relationship of participant and eligible dependent in a health benefit plan. James McLaughlin's right to receive benefits from the Plan derives entirely from Bernard McLaughlin's participation in the Plan. James McLaughlin's claim that the plan is not entitled to withhold benefits from him is also wholly derivative of Bernard McLaughlin's participation in the plan. This substantive legal relationship between James and Bernard McLaughlin sufficiently aligned James McLaughlin's interest with Bernard McLaughlin's so as to justify binding James McLaughlin by the outcome of *McLaughlin I*. The Court finds that James McLaughlin and Bernard McLaughlin were in privity for purposes of res judicata. Therefore, the third and final element of res judicata is satisfied here.

### d. Applicability of an Exception to Res Judicata

The next issue the Court must consider is whether an exception to res judicata applies in this case. The Third Circuit has noted that res judicata applies "only to claims arising prior to the entry of judgment," and that res judicata does not "bar claims arising subsequent to the entry of judgment and which did not then exist or could not have been sued upon in the prior action." *Alexander & Alexander, Inc. v. Van Impe*, 787 F.2d 163, 166 (3d Cir. 1986).

Here, Plaintiffs argue that this Court's December 21, 2015 Order, which imposed personal liability on Bernard McLaughlin for a sum certain, constitutes a "continuing course of conduct" that blocks the application of res judicata in this case. (Pls.' Opp'n. Br., ECF No. 8 at 9). Plaintiffs argue that the rights and liabilities of the parties were not fixed until the December 21, 2015 Order, and thus res judicata could not bar claims arising prior to the entry of that Order. (Pls.' Opp'n. Br., ECF No. 8 at 12). This argument is misplaced. Defendant began offsetting the Plaintiffs' benefits in 2013. That same year, Plaintiff filed his counterclaim in *McLaughlin I* alleging that Defendant violated its fiduciary duty by offsetting benefits payable to Bernard McLaughlin by the amounts owed to Defendant. This Court then granted summary judgment to

10

Defendant and denied Plaintiff Bernard McLaughlin's claim on January 24, 2014. As previously discussed, this constitutes a final judgment for purposes of res judicata. In this instant case, Plaintiffs seek the same relief that was previously sought in *McLaughlin I*, namely a judgment that Defendant is not entitled to claim such an offset and withhold Plaintiffs benefits. As a result, the Court finds that Plaintiffs' claims arose prior to the entry of judgment in the prior suit, and this exception to res judicata does not apply here.

### e. Effect of *Montanile* Decision on Application of Res Judicata

Next, the Court must address whether the Supreme Court's decision in *Montanile* has any effect on the application of res judicata. The Supreme Court has stated that the res judicata consequences of a final judgment are not altered, "by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case." *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Further, the Supreme Court has noted, "A judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause [of action]." *Id.* (quoting *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 325 (1927).

*Montanile* was decided on January 20, 2016, after this Court's decision in *McLaughlin I* on January 24, 2014. This Court's decision in *McLaughlin I* was a final judgment on the merits and thus, the res judicata consequences of it were not altered by *Montanile*. Plaintiffs' claims are barred by the doctrine of res judicata.

### f. Whether the Summary Plan Description Authorizes the "Set-Off"

Plaintiffs argue that Defendants are not permitted to claim a "set-off" because it has failed to point to a plan document that authorizes it to do so. The Supreme Court has recognized that statements in a Summary Plan Description ("SPD"), "provide communication with

11

beneficiaries *about* the plan, but ... do not themselves constitute the *terms* of the plan." *Cigna Corp. v. Amara*, 131 S. Ct. 1866, 1878 (2011). If the parties do not dispute that a SPD constitutes the terms of a plan, however, a Court may treat a SPD as if it were the plan itself. *See US Airways, Inc. v. McCutchen*, 133 S. Ct. 1537 (2013); *Bd. of Tr. of the Nat'l. Elevator Indus. Health Benefit Plan v. McLaughlin*, 590 F. App'x 154 (3d Cir. 2014).

In this case, the parties disagree over whether the terms of the Plan authorize Defendant to claim a "set-off." However, whether the terms of the Plan authorize Defendant to claim a "set-off" today is irrelevant to determining whether res judicata bars Plaintiffs' claim. The Court need not address this issue to decide this motion. Plaintiffs' claims are barred by res judicata.

### III. Plaintiffs' Cross-Motion for Summary Judgment

Plaintiffs cross-move for summary judgment seeking a judgment "declaring that as a matter of law, the Plan is not entitled to assert a set-off of its claim against payment of medical expenses that it would otherwise be required under the terms of the Plan to pay on behalf of the McLaughlin family." (Pls.' Opp'n. Br., ECF No. 8 at 2). For the reasons stated above, Plaintiffs' claims are barred by the doctrine of res judicata. Therefore, the complaint is dismissed and Plaintiffs cannot prevail on this claim.

### CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss will be granted, and Plaintiffs' cross-motion for summary judgment will be denied. An appropriate order will follow.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

**Date: October 12, 2016**